# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISNEL RIGAUD, | : |
| (a/k/a CHISNEL RIGAUD), | : |
|     Petitioner, | : |
| | : |
|     v. | :   CIVIL ACTION NO. |
| | :   1:17-CV-134-TWT-CMS |
| STATE OF GEORGIA, | : |
|     Respondent. | : |

## **FINAL REPORT AND RECOMMENDATION**

Former Georgia inmate Isnel Rigaud mailed to the Clerk of this Court a copy of a pleading entitled "Emergency Motion to Expedite the Vacating Process and to Amend the Defendant Coram Nobis Motion to Vacate His Conviction." *See* [1]. Rigaud's pleading states that it was prepared for filing "In the Superior Court for the Cobb County Judicial District," bears Rigaud's state criminal case number, and includes a certificate stating that it was served on the "Georgia District Attorney Office for Cobb County." *See id.*

It thus appears that Rigaud did not intend to initiate a new case in this Court, and the undersigned **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED**.

The undersigned **DECLINES** to recharacterize Rigaud's filing as a federal habeas petition pursuant to 28 U.S.C. § 2254. *Cf. Castro v. United States*, 540 U.S. 375, 383 (2003) (limiting federal courts' power to recharacterize a post-conviction filing as a § 2255 motion without providing warnings and an opportunity to modify or withdraw the filing); *Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007) (applying *Castro* to the recharacterization of a filing as a § 2254 petition). Instead, if Rigaud wishes to file a federal habeas petition, he should use this Court's § 2254 petition form and either pay the $5 filing fee or request permission to proceed *in forma pauperis* ("IFP").

The Clerk is **DIRECTED** to send Rigaud copies of this Court's § 2254 petition form and IFP application form for non-prisoners.

Rigaud is **ADVISED** that a one-year limitation period applies to federal habeas petitions, *see* 28 U.S.C. § 2244(d), and that he will need to explain why his petition is not untimely, if he chooses to initiate a federal habeas case.

Rigaud is **ADVISED** that it is generally a prerequisite to the grant of federal habeas relief that a petitioner have first *fully* exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1).

Finally, Rigaud is **ADVISED** that *Padilla v. Kentucky*, 559 U.S. 356 (2010), which was decided *before* he entered his guilty plea, is not, in any event, retroactively applicable in a federal habeas case alleging ineffective assistance of counsel. *See Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 19th day of January, 2017.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE